**ON WITH LIFE, INC., Appellant,**

v.

**STATE HEALTH FACILITIES COUNCIL, Appellee.**

No. 94–804.

Court of Appeals of Iowa.

March 30, 1995.

Craig F. Graziano and James W. O'Brien of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Rose A. Vasquez, Asst. Atty. Gen., for appellee.

Heard by DONIELSON, C.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

Since 1991 the petitioner, On With Life, Inc., has operated a twenty-two-bed post-acute brain injury rehabilitation facility for young adults. Pursuant to Iowa Code section 135.63 (1993), the petitioner filed with the Iowa Department of Public Health in April 1993 an application for a certificate of need to construct a twenty-two-bed addition to the facility. The respondent, State Health

Facilities Council ("council"), is the body within the department charged with making the final decision regarding any certificate of need under Iowa Code section 135.69. The application was supported by evidence showing the need for the expansion, and the staff commented favorably on the application. After a hearing, the council entered a decision on July 21, 1993, denying the application on the basis of excessive cost.

The petitioner filed a request for a hearing on the council's decision. At an oral argument on the request for rehearing, a former employee of the petitioner, Samuel Bua, appeared in opposition to the project. Bua was a registered nurse who claimed to be a certified rehabilitation nurse clinician. The petitioner's request for rehearing was granted.

At the rehearing, the petitioner presented evidence indicating the costs for the project were not excessive. Over the petitioner's objections Bua did not have standing because he was not an affected person under Iowa Code section 135.61(1) and his appearance was untimely, Bua testified other facilities within the state met the need covered by the petitioner's proposed expansion.

On September 16, 1993, after the rehearing, the council entered a written decision denying the application determining the need for the expansion had not been established under the mandatory criteria under Iowa Code section 135.64(2). The council particularly noted there was no waiting list for the petitioner's facility.

On September 30, 1993, the petitioner filed a request for second rehearing challenging Bua's standing as an affected party. The council denied the second request for a rehearing.

On October 15, 1993, the petitioner filed a petition for judicial review challenging the council's decision to deny the certificate of need for the petitioner's proposed expansion. The petitioner claimed the council's action was unsupported by substantial evidence, was arbitrary, and was not supported by adequate findings.

After a hearing, the district court entered a decision on April 15, 1994, affirming the council's decision. Although the court noted there was evidence supporting the petitioner's proposal and Bua's testimony was suspect, under the "restrictive substantial evidence standard," there was substantial evidence supporting the council's decision. The court noted it was within the discretion of the council to weigh Bua's testimony. The court also deferred to the council's decision Bua had standing to appear and council did not abuse its discretion in allowing Bua to testify. On May 11, 1994, the petitioner filed a notice of appeal.

## I. Scope of Review.

■■■■ The appeal is controlled by our scope of review. A court's review of agency action is severely circumscribed. *Burns v. Board of Nursing*, 495 N.W.2d 698, 699 (Iowa 1993). The administrative process presupposes judgment calls are to be left to the agency. *Id.* Nearly all disputes are won or lost there. *Id.* (citing *Leonard v. Iowa State Bd. of Educ.*, 471 N.W.2d 815, 815–16 (Iowa 1991)). Thus the court may reverse, modify, or grant other appropriate relief only if agency action is affected by error of law, is unsupported by substantial evidence, or is characterized by abuse of discretion. Iowa Code § 17A.19(8) (1993); *Burns*, 495 N.W.2d at 699.

## II. Substantial Evidence.

■■■■ On With Life claims the agency's action was not supported by substantial evidence. Evidence is substantial if a reasonable person would find it adequate to reach the given conclusion, even if a reviewing court might draw a contrary inference. *Messina v. Iowa Dep't of Job Serv.*, 341 N.W.2d 52, 59 (Iowa 1983) (citation omitted). Moreover, the fact an agency might draw inconsistent conclusions does not necessarily suggest its final conclusion is unsupported by substantial evidence. *Mercy Health Ctr. v. State Health Facilities Council*, 360 N.W.2d 808, 812 (Iowa 1985) (citing *City of Davenport v. Public Employment Relations Bd.*, 264 N.W.2d 307, 311 (Iowa 1978)).

The council's September 16, 1993, decision reflects the council's deliberate and detailed application of the relevant criteria to the On With Life Project. *See* Iowa Code § 135.64

(1993). The council was presented with no waiting list to show an existing need for twenty-two additional beds. *See* Iowa Code § 135.64(1)(c) (council shall consider "the need of the population served or to be served by the proposed" expansion). The council found existing facilities providing institutional health services similar to those proposed in Kansas City, Omaha, and Milwaukee. *See* Iowa Code § 135.64(2)(d) (council must find "[p]atients will experience serious problems in obtaining care of the type which will be furnished by the ... changed institutional health service"). Simply put, the council was not convinced a sufficient number of persons were not receiving adequate services and an unmet need existed. In this case, having reviewed all of the information presented, and applying the relevant statutory criteria, the council made its decision to deny On With Life a certificate of need. "While there was also evidence from which the [council] could have drawn a contrary conclusion, that is not the nature of our inquiry. We only determine whether there was substantial support for the conclusion [the council] *did* reach." *Iowa Health Sys. Agency, Inc. v. Wade,* 327 N.W.2d 732, 735 (Iowa 1982) (emphasis in original) (citations omitted). The council's decision was supported by substantial evidence, even disregarding the disputed witness, Bua's, testimony. Accordingly, we must affirm. Costs on appeal are assessed to On With Life.

AFFIRMED.