**FINISH LINE, INC., A Corporation, Plaintiff–Appellee,**

v.

**Robert W. JAKOBITZ and Gloria L. Jakobitz, Defendants–Appellants.**

No. 95–0493.

Court of Appeals of Iowa.

Oct. 25, 1996.

James R. Cook, West Des Moines, for appellants.

James A. Pratt, Council Bluffs, and Thomas H. Dahlk and James B. Cavanagh of Lieben, Dahlk, Whitted, Houghton, Slowiaczek & Jahn, P.C., Omaha, Nebraska, for appellee.

Heard by CADY, P.J., and HUITINK, and STREIT, JJ.

STREIT, Judge.

Lessees appeal from the district court ordering them to pay monetary damages to Landlord for amounts due on a lease agreement in the amount of $179,280. The Lessees contend the Landlord failed to mitigate damages by renting the building out to businesses that did not pay rent. We reverse the district court.

C.K. of Council Bluffs, Iowa, and Finish Line Partnership entered into a lease agreement in 1984 to operate a Country Kitchen store at 9th Street and 36th Avenue, in Council Bluffs, Iowa. Robert W. and Gloria L. Jakobitz, owners of C.K. of Council Bluffs, Iowa, operating through Iowa Kitchens, Ltd., personally guaranteed performance of the lease. The personal guaranty was triggered upon any default by the lessee or its assigns, and was in favor of the lessor, or its assigns. The lease was for twenty years with minimum yearly rent of $59,760, payable in monthly installments of $4980.

In December 1988, Finish Line incorporated under the name Finish Line, Inc., an Iowa corporation, with Robert Darrah as incorporator. All assets of the partnership were transferred to the new corporation. In 1990, Finish Line took over the store at 9th Avenue after a default of rent payments and leased the store to businesses owned and operated by individuals who were shareholders of Finish Line, Inc., or related to a shareholder. None of these businesses were required to give a personal guarantee. Finish Line failed to collect significant rent or no rent at all from these businesses. The Jako-bitzes remained personally liable on the lease until June 1993.

In April 1993, Finish Line filed a law action against the Jakobitzes seeking money damages due based upon their personal guarantee. Jakobitzes asserted several defenses which included failure to mitigate damages. The district court judge returned a judgment in favor of Finish Line.

The Jakobitzes contend the trial court erred in several respects. These issues are merely sub-issues of the central question on appeal: whether there is substantial evidence to support the trial court's finding that Finish Line used reasonable efforts in reletting the property at the best obtainable rent.

Our scope of review is limited to the correction of errors at law. Iowa R.App.P. 4. We are bound by the trial court's findings of fact if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We are not, however, bound by the trial court's determinations of law. *J.M. Grimstad, Inc. v. Scangraphics, Inc.*, 539 N.W.2d 732, 734 (Iowa App.1995). Evidence is substantial if a reasonable person would find it adequate to reach the given conclusion, even if a reviewing court might draw a contrary inference. *On With Life, Inc. v. State Health Facilities Council*, 532 N.W.2d 496, 497 (Iowa App.1995).

When a lessee abandons leased premises prior to the termination of the lease, the landlord has a duty to mitigate damages by using reasonable diligence to relet the property at the best obtainable rent. *See Vawter v. McKissick*, 159 N.W.2d 538, 541 (Iowa 1968); *Harmsen v. Dr. MacDonald's, Inc.*, 403 N.W.2d 48, 51 (Iowa App. 1987). The burden is on the lessor to show due diligence, and the lessor is not required to adopt any specific method in attempting to relet the premises. *Harmsen*, 403 N.W.2d at 51. The same standards of law and burden of proof apply in an assignment, where the lessee of the contract is not released from liability and an assignee defaults on rent payment causing termination of the lease.

The Jakobitzes operated the store for three years, from 1985 until 1988. They assigned the operating rights to the store on

9th Avenue from C.K. of Council Bluffs, Iowa, to Herbert and Mary C. Loops when the Loops purchased the stock of Iowa Kitchens Management Company, Inc., in 1988. The Loops then assigned the 9th Avenue lease to Al and Marlys Steffen of Steffen Investment Company. Finish Line stated it objected to the assignment unless the Jakobitzes remained personally liable for performance under the lease. The Jakobitzes agreed to remain personally liable and Finish Line consented. One year later, Finish Line gave notice of default on the lease to all parties including the Jakobitzes stating the lease would be terminated as of February, 1990.[1]

Finish Line took over the property. Under the lease, the lessor had the right to re-enter the premises after the termination of the lease. Upon exercising this right of re-entry, the lessor had to use its best efforts to obtain an alternative or substitute tenant. In May 1990, two shareholders of Finish Line, Inc., Don Sorenson and Joe Vlock, incorporated Riverside, Inc. and opened the Riverside Cafe at 9th Avenue. Riverside Cafe did not pay any rent to Finish Line while in operation. The cafe allegedly lost considerable money based on an unaudited financial statement prepared by Darrah and closed eleven months after opening.

In May 1991, Darrah incorporated Saun–Gi, Inc., an Iowa Corporation whose sole stockholders were Saundra Darrah, Robert Darrah's wife, and her friend, LuAnn Gibler. Saun–Gi entered into a lease agreement with Finish Line, remodeled 9th Avenue, and opened a Garden Cafe[2] in September 1991. Despite gross sales of more than $1 million per year at 9th Avenue, Saun–Gi paid almost no rent during its operation. Saun–Gi ceased doing business in January 1992 as Garden Cafe.[3] Finish Line then opened Potters cafe at 9th Avenue. Potters operated for four months under a third-party operator, Clark's Cafe, who leased the premises and operated the restaurant, but paid no rents.

Finish Line had the burden of proof on the duty to mitigate. *J.M. Grimstad,* 539 N.W.2d at 735; *Harmsen,* 403 N.W.2d at 51. The trial court found:

> [P]laintiff (Finish Line) used reasonable efforts to mitigate its damages, but was largely unsuccessful in its efforts. The burden is on the defendants (Jakobitzes) to demonstrate that plaintiff did not use reasonable efforts to mitigate its losses, and the court, on this record, cannot conclude that defendants met its burden.

The trial court did not apply the correct burden of proof. As a matter of law, we reverse.

■ We also conclude there was not substantial evidence supporting the court's finding of reasonable efforts by Finish Line in leasing the premises. Finish Line did not use reasonable diligence to relet the property at the best obtainable rent when it rented to Riverside, Inc., Saun–Gi, Inc., and Clark's Cafe. Total sales for the Riverside Cafe in six months were $204,104.17 in 1990. The Garden Cafe operated by Saun–Gi at 9th Avenue had monthly gross sales of $100,000 per month, or over one million dollars per year gross while it was in operation from 1991 until 1993. Despite these gross sales, Finish Line collected rents of only $4980 in 1990; $14,940 in 1991; and $9,960 in 1992. Finish Line did not collect any rent from Clark's Cafe while it operated Potters.

Reasonable diligence may require more out of a landlord in some situations than in others. *J.M. Grimstad, Inc. v. Scangraphics, Inc.,* 539 N.W.2d at 735. Darrah testified Finish Line made an effort to find an outside operator the first four months after termination of the lease before opening Riverside Cafe. Finish Line, did not offer any evidence regarding the steps taken to rent the premises to a paying tenant. *See id.*

1. Al Steffen made payments of rent through January 1990, then indicated that no further payments would be made. In 1992, Steffen Investment and Al Steffen declared bankruptcy and were no longer involved in the lawsuit.

2. In April 1991 Darrah signed a franchise agreement with Old Fashioned Enterprises, Inc., a Nebraska corporation, to operate Garden Cafe restaurants in Iowa.

3. Saun–Gi, Inc. filed for bankruptcy in September 1992.

Upon consideration of the amount of rent collected and the gross monthly sales of the restaurants, we determine there is not substantial evidence in the record to find Finish Line exercised reasonable diligence in reletting the property at the best available rent. Plaintiffs failed to mitigate damages. We reverse the decision of the district court.

**REVERSED.**