**BRIDGESTONE/FIRESTONE, Employer, and Pacific Employers Insurance, Insurance Carrier, Appellants,**

v.

**Cathy ACCORDINO, Appellee.**

No. 95–2169.

Supreme Court of Iowa.

March 26, 1997.

Valerie A. Landis and Anne L. Clark of Hopkins & Huebner, P.C., Des Moines, for appellants.

Robert W. Pratt and Max Schott, Des Moines, for appellee.

Thomas J. Miller, Attorney General, Craig Kelinson, Special Assistant Attorney General, and Julie Burger, Assistant Attorney General, for amicus curiae Iowa Industrial Commissioner.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

This appeal involves a routine workers' compensation case made unnecessarily complex by the district court's refusal to adjudicate the controversy on its merits. We reverse and remand to the district court for the judicial review contemplated by Iowa Code section 17A.19 (1995).

The salient facts are not disputed. Cathy Accordino worked for Bridgestone/Firestone as a tire trimmer. She claimed benefits for cumulative work injury resulting in surgery for bilateral carpal tunnel decompression and disability from bilateral cubital tunnel syndrome. At an arbitration hearing held before a deputy industrial commissioner, the parties contested whether Accordino's injuries were work-related; whether the injuries caused permanent disability; the nature, extent, and commencement date of permanent disability, if any; and the correct rate of weekly compensation.

The deputy detailed his findings of fact and conclusions of law in a single-spaced, seven-page opinion. Concluding that Accordino's injuries were causally related to her work, the deputy then determined the extent of her disability and calculated her rate of compensation. Bridgestone/Firestone appealed to the industrial commissioner; Accordino cross-appealed.

The industrial commissioner's decision on appeal read as follows:

The record, including the transcript of the hearing before the deputy and all exhibits admitted into the record, has been reviewed de novo on appeal. The decision of the deputy filed August 11, 1994, is affirmed and is adopted as the final agency action in this case.

Claimant and defendants shall share equally the costs of the appeal including transcription of the hearing.

Upon receiving this decision, Bridgestone/Firestone petitioned for judicial review.

Bridgestone/Firestone raised two issues on judicial review. First it claimed the industrial commissioner's calculation of Accordino's weekly earnings erroneously overstated her actual income. Second, it claimed the commissioner erred in its analysis of the permanent impairment rating by relying on a more recent physician's evaluation rather than a contrary evaluation submitted by Accordino's longtime treating physician.

Although these issues had been addressed in the deputy's ruling—and their resolution affirmed in whole by the industrial commissioner—the district court flatly refused to consider the challenge to them on judicial review. The court sua sponte questioned whether the commissioner's abbreviated affirmance "is fair to the litigants and whether it meets the statutory framework and spirit of Iowa's Administrative Act." The court remanded the case to the industrial commissioner for "an express agency determination of these issues."

Accordino, joined by Bridgestone/Firestone, sought a reconsideration of the court's ruling under Iowa Rule of Civil Procedure 179(b). The parties shared the view that the industrial commissioner's adoption of the deputy's decision complied with Iowa Code chapter 17A and constituted final agency ac-

tion preserving the merits for judicial review by the district court. Their motions were denied. This appeal and cross-appeal followed.

■ I. The rules governing our review on appeal from judicial review of agency action are well settled. We, like the district court, are obliged to broadly and liberally construe an agency's factual findings so as to uphold, rather than defeat, the agency's decision. *Norland v. Iowa Dep't of Job Servs.*, 412 N.W.2d 904, 908 (Iowa 1987). Because the district court itself acts in an appellate capacity to correct any legal error made by the agency, our task is merely to determine whether our legal conclusions match those reached by the district court. *Id.*

■ The parties urge us, on grounds of judicial economy, to proceed in accordance with these standards despite the district court's refusal to rule in the first instance. We are without jurisdiction to do so. *See Western Int'l v. Kirkpatrick*, 396 N.W.2d 359, 362 (Iowa 1986) (supreme court has no original jurisdiction over appeal from agency decision); *see also Johnston Equip. Corp. v. Industrial Indem.*, 489 N.W.2d 13, 16 (Iowa 1992) (issue must be presented to and passed on by trial court before it can be raised and decided on appeal). Had the court coupled its evident frustration over process with an alternative holding on the merits, we would have something to review. But the present state of the record limits our consideration to the legal issue raised *sua sponte* by the district court, a matter to which we now turn.

■ II. The district court believed the industrial commissioner's "short form" appellate decision failed to comport with Iowa Code section 17A.16(1). That section provides, in pertinent part:

A proposed or final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of underlying facts supporting the findings.... Each conclusion of law shall be supported by cited authority or by a reasoned opinion.

Iowa Code § 17A.16(1). On appeal the parties contend that the deputy's fidelity to this standard, expressly affirmed by the commissioner, satisfies the statutory mandate. We agree.

■ This court has long held that the commissioner must "state the evidence relied upon and [ ] detail reasons for his conclusions." *Catalfo v. Firestone Tire & Rubber Co.*, 213 N.W.2d 506, 510 (Iowa 1973); *accord Terwilliger v. Snap–On Tools Corp.*, 529 N.W.2d 267, 274 (Iowa 1995); *Armstrong v. State of Iowa Bldgs. & Grounds*, 382 N.W.2d 161, 166 (Iowa 1986). Moreover, the commissioner's decision must be "sufficiently detailed to show the path he has taken through conflicting evidence." *Catalfo*, 213 N.W.2d at 510. We have refrained, however, from reading "unnecessary and burdensome" requirements into the statute. *Terwilliger*, 529 N.W.2d at 274. Thus we have held the commissioner need not discuss *every* evidentiary fact and the basis for its acceptance or rejection so long as the commissioner's analytical process can be followed on appeal. *Id.* So also have we held the commissioner's duty to furnish a reasoned opinion satisfied if "it is possible to work backward ... and to deduce what must have been [the agency's] legal conclusions and [its] findings of fact." *Norland*, 412 N.W.2d at 909 (quoting *Ward v. Iowa Dep't of Transp.*, 304 N.W.2d 236, 239 (Iowa 1981)).

We believe the standards have been easily met by the agency here. No purpose would be served by requiring the commissioner to duplicate the deputy's effort. We do not read the statute to require it. When the commissioner's affirmance rests on review yielding identical factual findings, and the commissioner's legal analysis mirrors that described by the deputy, no further recitals are necessary to satisfy section 17A.16(1) for purpose of judicial review. To read into the statute the necessity of a full opinion, as required by the district court here, exalts form over substance.

We reverse and remand this case for decision by the district court as swiftly as the court's calendar will permit it. Costs on appeal shall be shared equally by the parties.

**REVERSED AND REMANDED ON APPEAL AND CROSS–APPEAL WITH INSTRUCTIONS.**