HECHT, Justice
(concurring specially).
I write separately to emphasize that the court’s opinion amounts to a disavowal of the less demanding standard of judicial review applied in Bridgestone/Firestone v. Accordino, 561 N.W.2d 60, 62 (Iowa 1997). Although the opinion does not expressly say “Accordino is hereby disavowed,” I believe disavowal has, as a practical matter, occurred.
The commissioner’s ruling on the parties’ motions for rehearing expressly determined that “[ujnder the facts of this *269 case, [Burton] received recurring payments ... for employment.” The court’s opinion today concludes the quoted language of the commissioner is not a sufficiently clear finding by the commissioner that the payments were not the result of a mistake by the employer. Under the Ac-cordino standard of review, I believe this court would clearly have been required to reach a different conclusion. Under Ac-cordino, “the commissioner’s duty to furnish a reasoned opinion [is] satisfied if ‘it is possible to work backward ... and to deduce what must have been [the agency’s] legal conclusions and [its] findings of fact.’ ” Id. at 62 (quoting Norland v. Iowa Dep’t of Job Serv., 412 N.W.2d 904, 909 (Iowa 1987)); see also Schutjer v. Algona Manor Care Ctr., 780 N.W.2d 549, 560-61 (Iowa 2010) (applying Aceordino standard to “work backward” and ascertain implicit credibility findings in workers’ compensation commissioner’s decision).
If this court had applied the Aceordino standard, I believe the commissioner’s determination that Hilltop’s recurring payments were “for employment” would clearly have sufficed as a finding of fact rejecting Hilltop’s claim of overpayment. This belief is based on the context in which the commissioner’s words appear in the ruling in close proximity following the reference to Hilltop’s assertion that the claimed overpayment was the consequence of a mistake. The commissioner’s express determination that the payments by Hilltop to Burton were “for employment” also follows in close proximity within the ruling the finding that Hilltop delivered bimonthly paychecks throughout the period from January 2005 until April of 2006 — a period during which Burton “was evaluated annually and was subject to frequent monitoring by her supervisor.” Even more significant in the contextual understanding of the commissioner’s determination that the recurring payments were “for employment” is the fact that this determination follows the commissioner’s finding that the rate at which Burton was paid was “-within the mean average of food service supervisors according to the defendantsf] own expert.” Thus, under the less demanding standard of review followed under the former Aceordino standard, when read in context with the other language in the commissioner’s ruling, I believe the determination that Hilltop’s payments to Burton were “for employment” would have been viewed as an implicit but nonetheless clearly expressed finding of fact rejecting Hilltop’s assertion that the $1000 per month raise was the result of a mistake and not “for employment.”
But the court has concluded the less demanding Aceordino standard should not be applied for very sound reasons. Foremost among them is the reality that the enterprise of “working backward” to divine facts the agency must have found and conclusions of law the agency likely made is, at best, problematic for courts exercising judicial review. I would strongly prefer to expressly disavow the Aceordino standard to ensure this court consistently applies the more demanding standard announced in this case and eliminate the temptation to apply the more lenient Aceordino standard when the agency has reached an outcome preferred by a majority of the court while applying the more demanding standard when the agency has reached an outcome not favored by the majority.