# IN THE COURT OF APPEALS OF IOWA

No. 3-1217 / 13-0538
Filed April 16, 2014

MARTEN TRANSPORTATION, LTD., and
ACE AMERICAN INSURANCE COMPANY,
    Plaintiffs-Appellees/Cross-Appellants,

vs.

LINDA BOWES,
    Defendant-Appellant/Cross-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.

        Linda Bowes appeals, and Marten Transportation, LTD. and Ace

American Insurance Company, cross-appeal from the district court's reversal of

the workers' compensation commissioner's grant of workers' compensation

benefits. **REVERSED AND REMANDED WITH INSTRUCTIONS.**


        Fredd J. Haas of Fredd J. Haas Law Offices, P.C., Des Moines, for

appellant/cross-appellee.

        Jean Dickson of Betty, Neuman & McMahon, L.L.P., Davenport, for

appellee/cross-appellant Marten Transportation.

        Charles E. Cutler and Amanda R. Rutheford of Cutler Law Firm, P.C.,

West Des Moines, for appellee/cross-appellant ACE American Insurance

Company.


        Heard by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

Linda Bowes appeals from the district court's reversal of the workers' compensation commissioner's grant of benefits. Bowes contends the district court improperly found the commissioner applied the "odd-lot" doctrine. Ace American Insurance Company (Ace) and Marten Transportation, LTD (Marten) cross-appeal, arguing the commissioner improperly found Bowes was completely disabled and improperly determined Bowes' injury arose out of a 2009 work incident.[1] We reverse the district court, finding the odd-lot doctrine was not applied. We do not address the merits of Ace and Marten's cross-appeal regarding causation and disability for lack of jurisdiction.

## I. Facts and proceedings.

In July 2008, Bowes began working for Marten. On February 1, 2009, she fell from her truck while attempting to extinguish a brake fire. February 4, Bowes saw a doctor and complained of pain in her shoulder, elbow, hip, and back. She was placed on temporary work restrictions and began physical therapy. Bowes was discharged from physical therapy March 24, pending an orthopedic consultation. Three days later she visited an orthopedic specialist, who after several visits found Bowes had left lumbar radiculopathy, left elbow epicondylitis, and ultimately a herniated disk. Bowes was released to light-duty work. On June 19, 2009, the treating physician noted Bowes had ongoing back pain and recommended steroid injections and possible decompression surgery.

---

[1] Bowes also argues the district court erred in its scope of remand. Ace and Marten also argue their due process rights were violated by the claimed application of the odd-lot doctrine. Because we find the Commissioner did not apply the odd-lot doctrine, we do not reach these arguments.

During this time, Marten assigned Bowes to light-duty office work. In October 2009, Marten offered Bowes a "no-touch" load to resume her previous work trucking, which Bowes accepted. This arrangement did not work out for Bowes, because she experienced hip and back pain upon attempting to enter the truck cab. Bowes filed a petition for workers' compensation benefits on December 2, 2009. Bowes did not at any time raise a claim for benefits under the odd-lot doctrine; she solely sought benefits under our industrial disability laws.

A hearing on the petition was held May 9, 2011. In its arbitration decision, the deputy workers' compensation commissioner set forth the relevant facts and law. In its opinion, the deputy cited to a case which referenced the odd-lot doctrine, stating, "The question is whether the person is capable of performing a sufficient quantity and quality of work that an employer in a well-established branch of the labor market would employ he person on a continuing basis and pay the person sufficient wages to . . . be self-supporting." The deputy concluded, "Bowes is unable to perform a sufficient quantity and quality of work to remain employed in a well-established branch of the labor market and earn sufficient wages to be self-supporting. As such, she is entitled to permanent total disability benefits."

Marten and Ace sought further review from the workers' compensation commissioner. The commissioner affirmed the deputy, stating,

> I affirm and adopt as the final agency decisions those portions of the proposed arbitration decision filed on May 9, 2011 that relate to the issues properly raised on intra-agency appeal. The record of evidence supports the analysis of the deputy and further establishes that the claimant has sustained a significant injury

which permanently disabled her from performing work within her expertise, training, education, and physical capabilities.

Marten and Ace filed an application for rehearing, arguing the commissioner erroneously applied the odd-lot doctrine. The commissioner expressly rejected this argument:

> Within their application defendants request a rehearing for the purpose of addressing the application of the odd-lot doctrine in this case. Defendants present no compelling basis for rehearing in their application as the odd-lot doctrine was not considered or utilized by the deputy commissioner in the arbitration decision and it was not a basis of the appeal decision. It is confusing why defendants continue to assert that the odd-lot doctrine was considered when it clearly was not. Claimant is permanently and totally disabled, without consideration of the odd-lot doctrine, as set forth in both the arbitration and appeal decisions.

Marten and Ace sought judicial review from this ruling. The district court concluded the deputy commissioner had applied the odd-lot doctrine in the arbitration ruling, and therefore the commissioner necessarily applied the doctrine in its final agency decision.

Bowes filed a motion to enlarge on March 15, 2013, and a supplemental motion to enlarge March 21. On March 29, Marten and Ace filed a motion to consolidate and enlarge the time to reply to Bowes' motion. The court granted Marten and Ace's motion, setting the time to reply to April 25, 2013. Bowes filed her notice of appeal April 4. On April 11 and 12, Ace and Marten filed their respective notices of appeal including from the district court's "failure to rule on [their] claim" regarding the cause of Bowes' injury.

## II. Analysis.

Because the district court acts in an appellate capacity to correct legal error by the agency, our review of the district court's decision is for "whether our

legal conclusions match those reached by the district court." *Bridgestone/Firestone, Pac. Emp'rs Ins. v. Accordino*, 561 N.W.2d 60, 62 (Iowa 1997).

### A. Application of the odd-lot doctrine.

Bowes argues the district court improperly reviewed only the deputy commissioner's proposed ruling, not the commissioner's partial adoption of that ruling which explicitly limited its adoption to those parts of the deputy commissioner's ruling relating to the issues properly raised on inter-agency appeal. Bowes also argues the district court did not accord sufficient deference to the commissioner's ruling on the petition for rehearing. We agree. "[T]he deputy industrial commissioner's proposed findings are not a consideration on judicial review. Only final agency action is subject to judicial review." *Myers v. F.C.A. Servs., Inc.*, 592 N.W.2d 354, 358 (Iowa 1999). By expressly discounting the commissioner's statement on rehearing that "Claimant is permanently and totally disabled, without consideration of the odd lot doctrine, as set forth in both the arbitration and appeal decisions," Bowes argues the district court violated the scope of its standard of review.

Marten and Ace respond that the commissioner's decision was not the final agency decision because it incorporated the deputy decision, and the court should not consider the commissioner's ruling on Marten and Ace's application for rehearing because it is not part of the final decision. An agency action is not final until a petition for rehearing is ruled upon. *Cooper v. Kirkwood Cmty. Coll.*, 782 N.W.2d 160, 165 (Iowa Ct. App. 2010) ("Following a final agency decision, a party may file an application for rehearing pursuant to section 17A.16(2). While

the application for rehearing is pending, the final agency decision becomes in effect provisional or conditional until the application is ruled upon."). The ruling on the application should be considered as part of the agency action to be reviewed on an application for judicial review; this is even more important when, as here, the commissioner's denial of the petition for rehearing further explains his prior ruling. *See* Iowa Code § 17A.19.

The district court in this case did acknowledge the commissioner's ruling on the petition for rehearing. However, the court found the Deputy "erred in considering and relying upon odd-lot doctrine analysis in determining Bowe's disability" and found "the commissioner's appeal decision and Rehearing Ruling do not correct this error." We disagree, noting that the commissioner only adopted "those portions of the proposed arbitration decision . . . that relate to issues properly raised on intra-agency appeal." The District Court failed to credit the commissioner's limited adoption of the deputy commissioner's decision and assumes the commissioner referred to the entire decision of the deputy in saying "the record of evidence supports the analysis of the deputy."[2]

> Administrative tribunals were established in order to transfer from the courts to an agency the authority to resolve disputes in an area in which the agency is presumed to have expertise superior to

---

[2] Ace and Marten rely on appeal the same case applied by the district court in its ruling: *Michael Eberhart Const. v. Curtin*, 674 N.W.2d 123 (Iowa 2004). In *Curtin*, the claimant moved to amend her petition to include the odd-lot doctrine after the evidentiary record was closed. 674 N.W.2d at 125. Our supreme court interpreted the language of the deputy commissioner as applying the odd-lot doctrine. *Id.* In *Curtin*, the commissioner expressly reviewed the deputy's ruling as an odd-lot decision: "In fact, on the intra-agency appeal to the commissioner, the commissioner identified the disability issues as only (1) whether the claimant should have been allowed to amend his petition to assert the odd-lot doctrine and (2) whether the claimant is an odd-lot employee." *Id.* at 127. *Curtin* is fundamentally distinguishable from the situation we are presented here where the commissioner's express language rejected application of the odd-lot doctrine and found Bowes industrially disabled.

the court's. The "hands off" policy of the courts in reviewing agency determinations recognizes that judicial second-guessing of agency wisdom would destroy the fabric of administrative law and render its operation largely meaningless and therefore an extravagant waste of both public and private funds.

*Leonard v. Iowa State Bd. of Educ.*, 471 N.W.2d 815, 816 (Iowa 1991). Further, "[w]e, like the district court, are obliged to broadly and liberally construe an agency's factual findings so as to uphold, rather than defeat, the agency's decision." *Accordino*, 561 N.W.2d at 62.

It is especially within the commissioner's expertise and ability to say what law he applied when reviewing the deputy commissioner's decision. The commissioner's decision complied with our statute; we will not read unnecessary and burdensome requirements into our agency statute. *See id.* By ruling the commissioner applied the odd-lot doctrine, despite the commissioners' words expressly to the contrary, the district court engaged in impermissible second-guessing. We therefore reverse the district court's decision on this point.

*B. Permanent and total disability; causation.*

Though the district court acts in an appellate capacity over the agency decision, we lack original appellate jurisdiction over an agency action. *Id.*; *Western Int'l v. Kirkpatrick*, 396 N.W.2d 359, 362 (Iowa 1986). While Marten and Ace presented the district court with the issues of whether Bowes' injury was causally connected to her 2009 injury and whether Bowes is permanently and totally disabled, the district court did not rule on these points. Therefore, we are without jurisdiction to rule on these issues. *Accordino*, 561 N.W.2d at 62 ("Had the court coupled its evident frustration over process with an alternative holding on the merits, we would have something to review. But the present state of the

record limits our consideration"). We therefore reverse the order of the district court on judicial review, and remand to the court to decide the issues of causation and industrial disability. *See id.*[3]

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

---

[3] In *Accordino*, the parties both sought reconsideration of the district court's ruling, which was denied. 561 N.W.2d at 61–62. While Marten and Ace presented this issue to the district court, they failed to obtain a ruling, which could result in failure to preserve the issue for remand. *See Meier v. Senecaut*, 641 N.W.2d 532, 540 (Iowa 2002). However, given the timing surrounding Bowes' motion to compel and notice of appeal, we find Marten and Ace should be given the opportunity to present the issue to the court again on remand.