# IN THE COURT OF APPEALS OF IOWA

No. 18-0152
Filed February 6, 2019

**NAIMA CERWICK,**
        Plaintiff-Appellant,

**vs.**

**TYSON FRESH MEATS, INC.,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Naima Cerwick appeals the denial of her petition for judicial review of the Iowa Workers' Compensation Commissioner's decision.  **AFFIRMED.**

R. Saffin Parrish-Sams of Soldat & Parrish-Sams, PLC, West Des Moines, for appellant.

Jason P. Wiltfang of Scheldrup Blades, Cedar Rapids, and Stephanie L. Marett (until withdrawal) of Nyemaster Goode, P.C., Des Moines, for appellee.

Thomas Newkirk of Newkirk Zwagerman P.L.C., Des Moines, amicus curiae.

Melissa C. Hasso of Sherinian & Hasso Law Firm, Des Moines, and Lori Bullock of Newkirk Zwagerman P.L.C., Des Moines, for amicus curiae National Employment Lawyers Association.

Tyler M. Smith of Smith Law Firm PLC, Altoona, for amicus curiae Iowa Defense Counsel Association.

Joel E. Fenton of Law Offices of Joel E. Fenton, PLC, Des Moines, for amicus curiae Iowa Association for Justice.

Heard by Doyle, P.J., and Mullins and McDonald, JJ.

**DOYLE, Presiding Judge.**

Naima Cerwick appeals the district court's ruling on judicial review, which affirmed the Iowa Workers' Compensation Commissioner's decision. She contends the decision was unfairly influenced by implicit bias.

**I. Background Facts and Proceedings.**

Cerwick was reporting for her work shift at Tyson Fresh Meats, Inc. (Tyson) on February 28, 2013, when she slipped on ice and fell in the parking lot. According to Cerwick, she fell backward and hit the ground with her hands first. Cerwick reported the fall to a supervisor, who directed her to health services. She reported no pain at that time and returned to work.

On March 6, 2013, Cerwick returned to Tyson's health services, reporting that she was experiencing back pain and asking to see a doctor. Health services referred Cerwick to Concentra, where Dr. Sherry Hutchins examined her and assessed her as having a thoracic strain. Dr. Hutchins prescribed medication to treat the pain and referred Cerwick to physical therapy. At a follow-up appointment with Dr. Hutchins on March 25, 2013, Cerwick reported that she continued to have intermittent back pain with limited improvement and some lower back pain at times.

Dr. Hutchins referred Cerwick to an orthopedic surgeon, and thereafter, a variety of medical providers examined and treated Cerwick for pain her back and shoulders, lower back, and hip. An MRI performed in July 2013 showed an anterior superior and superior labral tear to her right hip. The medical providers had differing opinions as to whether her injuries were causally related to the fall and whether the back injury is permanent.

In March 2014, Cerwick filed a petition seeking workers' compensation benefits for injuries to her right hip, right shoulder, and back. Tyson stipulated that Cerwick had sustained a temporary work-related injury to her back on February 28, 2013, but denied she sustained any other injuries.

Cerwick, who was born in Morocco and moved to the United States in 2001, requested to use a translator at the arbitration hearing.[1] As the district court described in its judicial review ruling,

> [T]here were considerable problems with the interpretation during the hearing. [Cerwick] had difficulty identifying words in Arabic at times and asked to answer in English. There were other occasions [during] which the interpreter indicated that [Cerwick] did not understand the Arabic interpretation or did not respond correctly. During the course of [Cerwick]'s testimony, her attorney asked the deputy if [Cerwick] [c]ould answer in English unless she asked to have the question repeated in Arabic. The deputy decided to proceed with the interpreter because [Cerwick] had requested one, but allowed her to correct the record and answer in English if needed. Later, [Cerwick] stated that she was having trouble because she had not spoken Arabic for a long time. At that point, the deputy revisited the issue whether an interpreter should be used. After allowing [Cerwick] and her attorney to discuss the matter, she decided to waive the right to use an interpreter.

The deputy workers' compensation commissioner filed an arbitration decision finding Cerwick failed to show by a preponderance of the evidence that she sustained any injury beyond a temporary aggravation of her back as a result of the fall. The workers' compensation commissioner affirmed the arbitration order in its entirety and denied Cerwick's application for rehearing.

---

[1] Cerwick testified that because her husband and children only speak English, she speaks English at home. She does not read or write in English but is able to understand "[a] little bit" of English. When asked how well she speaks English, Cerwick testified, "Sometimes I understand, sometimes I don't understand."

Cerwick petitioned for judicial review, challenging the agency's fact findings and alleged they were impacted by implicit bias. The district court affirmed the agency decision after determining it was supported by substantial evidence. Cerwick appeals.

**II. Standard of Review.**

On a petition for judicial review of a commissioner's decision, the district court acts in an appellate capacity to correct errors of law. *See Mike Brooks, Inc. v. House,* 843 N.W.2d 885, 888-89 (Iowa 2014). When the judicial-review ruling is appealed, the appellate court applies "the standards of chapter 17A to determine whether we reach the same conclusions as the district court. If we reach the same conclusions, we affirm; otherwise we may reverse." *Id.* at 889. Factual determinations, including determinations of medical causation or whether to accept or reject an expert opinion, are vested in the discretion of the commissioner, and we are bound by those fact-findings "if they are supported by substantial evidence in the record before the court when that record is viewed as a whole." *Id.* (citation omitted). "Evidence is substantial if a reasonable mind would find it adequate to reach the same conclusion. An agency's decision does not lack substantial evidence because inconsistent conclusions may be drawn from the same evidence." *Evenson v. Winnebago Indus., Inc.*, 881 N.W.2d 360, 366 (Iowa 2016).

**III. Discussion.**

Cerwick contends an unconscious bias influenced the agency's assessment of the evidence. Specifically, she argues the deputy commissioner's implicit bias led the deputy to find that she was not credible and to disregard

evidence that supported a finding that a permanent back injury and injuries to her hip and shoulder resulted from the February 2013 fall.

In support of her claim of implicit bias, Cerwick cites to the deputy's discussion of her use of an interpreter at the arbitration hearing. In the arbitration decision, the deputy made the following observations about Cerwick's need for an interpreter and ability to effectively communicate in English:

> At the hearing, [Cerwick] started her testimony using an interpreter. However, during her testimony it became apparent that it was easier for [Cerwick] to testify in English than in Arabic. The only time [Cerwick] had difficulty finding words was when she was trying to think of an Arabic word. [Cerwick] testified that it had been a long time since she spoke Arabic. She said, "I'm not really speaking Arabic at all every day." During the hearing it was eventually determined that she would testify without the use of the interpreter, as an interpreter was not necessary and it was actually more difficult for [Cerwick] to speak Arabic than to speak English. At that point, [Cerwick] specifically waived her right to an interpreter and confirmed that all of her answers to that point had been correctly interpreted. Based on my observations at hearing I find that [Cerwick] does not have any difficulty speaking English. I also note that when [Cerwick]'s counsel sent her for IMEs . . . , there was not an interpreter at those appointments. It is troubling to the undersigned that an interpreter was requested because [Cerwick] demonstrated that her ability to speak English is greater than her ability to speak Arabic.

Cerwick complains that the deputy "grossly overstate[d] her communication abilities" by finding she "had no difficulty" speaking or understanding English. She argues that based on this finding, the deputy discredited her claim because she failed to describe her fall or communicate her symptoms sufficiently to her medical providers. For instance, one of the reasons the deputy gave in determining that Cerwick's February 2013 fall did not cause the right hip labral tear related to what the deputy determined were inconsistencies in the records regarding Cerwick's fall and injury:

[T]he histories she provided to the medical providers are not consistent and become more detailed as time goes by. It is not until almost one year after the fall that she first reported that her legs went into a hyperabduction-type splits position when she fell. Prior to that time she had seen numerous providers and not one of them recorded this history. Dr. Wahl's September 12, 2013 note does state that she landed directly on her back with her legs "extended and relatively abducted." However, she did not provide this history to any providers who she saw closer in time to the fall . . . . Rather, her description was that her fall happened very quickly and she fell backwards and braced herself with her hands behind her. During the first several months following the fall there is no mention of any type of abduction of her legs. Additionally, she reported to Dr. Quam that she landed directly on her right buttock; this is a different history than she gave to other providers. It is not logical that [Cerwick] would have reported that her legs hyperabducted to these numerous providers and that all of the providers failed to document the pertinent history.

The workers' compensation commissioner gave "considerable deference" to the deputy's findings in affirming the arbitration decision on appeal, noting that some of the findings were based on the deputy's assessment of Cerwick's credibility. In denying Cerwick's application for rehearing, the commissioner again deferred to the deputy's findings based on the deputy's ability to observe and evaluate the demeanor of the witnesses who testified at the hearing. The commissioner denied Cerwick's claim that the deputy commissioner found she lacked credibility based on her use of an interpreter at the hearing, stating:

> The arbitration decision does note [Cerwick] had no difficulty understanding English and it was easier for [Cerwick] to testify in English than Arabic. The arbitration decision suggests it was troubling counsel requested an interpreter, given [Cerwick]'s ability to speak English. The fact [Cerwick] had an interpreter has nothing to do with [Cerwick]'s credibility, but merely questions counsel's decision.
>    A review of the medical records indicates [Cerwick] gave inconsistent accounts of the February of 2013 accident to multiple providers. I defer to the deputy regarding credibility findings of the [Cerwick] at hearing. Given this, [Cerwick]'s application is denied as to this ground.

Because the commissioner found Cerwick gave inconsistent accounts concerning her fall to multiple providers, he deferred to the deputy's credibility findings.

The district court affirmed the agency on judicial review, finding that Cerwick failed to show the deputy had an implicit bias:

> The deputy's explanation of these events shows transparency, not bias. She understood this might be an issue on appeal, so she explained what happened and why she did what she did. She stated her impression, as the presiding officer at hearing, that [Cerwick] spoke English well. Her findings are supported by the course of the proceedings and the record as a whole. If the deputy had been biased, she could have ignored a written discussion of the issue altogether. The decision to provide a written explanation should not be held against the decision maker.

The agency, as trier of fact, has a duty to weigh the evidence and measure the credibility of the witnesses. *See Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 846 (Iowa 2011). "Our review of such a determination by the commissioner is limited to whether the commissioner's finding is supported by substantial evidence in the record made before the agency when that record is viewed as a whole." *Dunlavey v. Econ. Fire & Cas. Co.*, 526 N.W.2d 845, 854 (Iowa 1995); *see also Wal-Mart Stores, Inc. v. Caselman*, 657 N.W.2d 493, 500 (Iowa 2003) (finding substantial evidence supported the deputy commissioner's credibility finding). Because these determinations remain within the agency's exclusive domain and the "peculiar province" of the commissioner, we cannot reassess the weight of the evidence. *Pease*, 807 N.W.2d at 846; *see also Robbennolt v. Snap–On Tools Corp.*, 555 N.W.2d 229, 234 (Iowa 1996). In fact, "we are obliged to broadly and liberally apply those findings to uphold rather than defeat the commissioner's decision." *Pirelli–Armstrong Tire Co. v. Reynolds*, 562 N.W.2d 433, 436 (Iowa 1997) (citation omitted). Although the severely

circumscribed nature of our review of agency action means that nearly all disputes are won or lost at the agency level, *Burns v. Bd. of Nursing*, 495 N.W.2d 698, 699 (Iowa 1993), we are not at liberty to change it, *see Figley v. W.S. Indus.*, 801 N.W.2d 602, 608 (Iowa Ct. App. 2011) ("[W]e are not at liberty to overturn precedent of our supreme court."); *Caylor v. Emp'rs Mut. Cas. Co.*, 337 N.W.2d 890, 894 (Iowa 1983) (acknowledging it is for the legislature to enact changes to the law).

We review to determine whether the evidence in this case "would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1) (2017). "In our fairly intensive review, we view the record as a whole, which includes a consideration of evidence supporting the challenged finding as well as evidence detracting from it." *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 525 (Iowa 2012).

Upon our "fairly intensive review" of the record, we conclude substantial evidence supports the finding that Cerwick provided an inconsistent history of the fall and resulting injury. Although a trier of fact might conclude the evolution of Cerwick's explanation of her fall and injuries was a result of communication difficulties, our task on appeal is not to determine whether the evidence supports a different finding; our task is to determine whether substantial evidence supports the finding actually made. *See Pease*, 807 N.W.2d at 845; *Dodd v. Fleetguard, Inc.*, 759 N.W.2d 133, 137 (Iowa Ct. App. 2008) ("The fact that two inconsistent conclusions may be drawn from the same evidence does not prevent the agency's

findings from being supported by substantial evidence."). In doing so, this court abstains from making "a determination as to whether evidence 'trumps' other evidence or whether one piece of evidence is 'qualitatively weaker' than another piece of evidence." *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394 (Iowa 2007).

The deputy's finding concerning the explanation Cerwick gave her medical providers concerning her fall and injuries is only one of several considerations the deputy made in determining the injuries were not related to the February 2013 fall. However, Cerwick argues the agency failed to weigh and consider material evidence in determining she failed to prove causation. On this basis, she argues reversal and remand is required.

"The deference afforded the agency on substantial evidence review is predicated on the assumption the agency reviewed and considered the evidence in reaching its decision." *JBS Swift & Co. v. Hedberg*, 873 N.W.2d 276, 281 (Iowa Ct. App. 2015). If the record shows the agency ignored evidence, then its decision is unreasonable, arbitrary, capricious, an abuse of discretion, and the product of illogical reasoning. *See id.* In the event the agency fails to consider all of the evidence, we must remand to allow the agency to re-evaluate the evidence unless the facts are established as a matter of law. *See id.*

Chapter 17A requires that an agency issuing a decision must state "why the relevant evidence in the record supports each material finding of fact" and provide citation to authority or a reason for each of its conclusions of law. Iowa Code § 17A.16(1). With regard to this requirement, our supreme court has

> long held that the commissioner must state the evidence relied upon
> and detail reasons for his conclusions. Moreover, the
> commissioner's decision must be sufficiently detailed to show the

path he has taken through conflicting evidence. We have refrained, however, from reading unnecessary and burdensome requirements into the statute. Thus we have held the commissioner need not discuss *every* evidentiary fact and the basis for its acceptance or rejection so long as the commissioner's analytical process can be followed on appeal. So also have we held the commissioner's duty to furnish a reasoned opinion satisfied if it is possible to work backward and to deduce what must have been the agency's legal conclusions and its findings of fact.

*Bridgestone/Firestone v. Accordino*, 561 N.W.2d 60, 62 (Iowa 1997) (cleaned up).

The arbitration decision sets forth a detailed recitation of the evidence and the weight the deputy afforded it. Cerwick's claim that the deputy ignored evidence is unsupported; rather, the weight the deputy afforded the evidence and the conclusions the deputy drew conflicts with Cerwick's view of the evidence. The decision complies with the requirements of section 17A.16(1), and it satisfies our "substantial evidence" review. Accordingly, we affirm the district court's denial of Cerwick's petition for judicial review.

**AFFIRMED.**